[Civ. No. 12547.  Second Dist., Div. One.  Aug. 12, 1941.]

PATRICIA COWLIN, Appellant, v. WILLIAM A. PRIN-
GLE, Respondent.

Eugene L. Wolver and Louis Miller for Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Respondent.

WHITE, J.—Plaintiff appeals from a judgment in favor of defendant, William A. Pringle, in an action to recover damages for personal injuries arising out of an automobile accident in which such injuries are alleged to have occurred as a result of the concurrent negligence of respondent herein and various other defendants named in the complaint. After issue had been joined through the filing of answers by all defendants the plaintiff, appellant herein, caused the case to be set for trial by filing with the court a written memorandum for setting for trial. In this written memorandum, which is supplied by the court clerk, there appears the interrogatory, "Is jury demanded?"; and which query plaintiff answered in the affirmative by inserting thereafter the word "Yes". Pursuant to said memorandum the case was on March 9, 1939, set for "pre-trial", a procedure preliminary to trial on the merits then in vogue in the Superior Court of Los Angeles County. The pre-trial date was fixed for March 24, 1939. On the last named date, when all parties were represented by their counsel, the court, with plaintiff's jury demand on file and before it, set the case for trial on its merits on June 12, 1939. On June 2nd, ten days before the date set for trial, the attorney for one of the defendants, R. Leslie Sparks, deposited with the clerk of the Superior court the sum of $24 as the first day's jury fees. Plaintiff had not theretofore paid any jury fees.

With plaintiff's demand for a jury still on file and the jury fees deposited as aforesaid the case, after several continuances, was finally called for trial on October 4, 1939, with all parties personally present and represented by their respective counsel. A jury was duly and regularly empaneled and sworn to try the cause. Plaintiff proceeded with the introduction of her evidence and the cause was adjourned at the close of the first court day to the following morning,

when the defendant R. Leslie Sparks paid the required jury fees for the second day of trial. During the afternoon of the second day plaintiff rested her case. Thereupon all of the answering defendants, including respondent herein, made respective motions for nonsuit. All of such motions were granted except that of the respondent, whose motion was denied. During a recess which followed the rulings on the motions for nonsuit the court advised counsel for plaintiff and the remaining defendant that unless the jury fees for the following day were paid the case could not proceed as a jury trial. Counsel for plaintiff thereupon requested that the matter continue as a jury trial and deposited the jury fees for the following day and at the same time offered to pay all other fees that might thereafter be required. At this time counsel for respondent advised the court and counsel for appellant that the defendant had not demanded a jury trial, did not desire to try the case before a jury, and would not pay any portion of any jury fee, and further, that in the opinion of counsel it was extremely doubtful as to plaintiff's right to proceed with the trial of said cause before a jury.

The court, however, ordered that the payment of the fees by the plaintiff be set forth in the minutes and that the trial continue before the jury. Respondent thereupon proceeded with his defense and presented the same in its entirety to the jury, examining several witnesses, and thereupon rested. Adjournment was taken until the following morning, October 6th. Upon the last named date, during the absence of the jury, respondent moved the court for a dismissal of the jury, which motion was granted and the jury was discharged. An immediate motion was made by appellant for a mistrial, which was denied. Thereupon, over the objection of appellant the court ordered that the cause proceed before the court sitting without a jury. All of the evidence having been taken in the presence of the jury, the only proceedings had before the court sitting without a jury was the argument of counsel. Following such argument and submission of the case, the court signed findings of fact and conclusions of law and entered judgment in favor of respondent. Appellant's motion thereafter made for a new trial was denied. This appeal is from the judgment.

Appellant first urges a reversal on the ground that by its action in dismissing the jury the trial court deprived her of the right to a trial by jury as guaranteed by sec. 7, article I of the Constitution of this state. · The applicable portion of the constitutional provision reads as follows: ''The right of trial by jury shall be secured to all, and remain inviolate . . . ''

█ The action here in question being a personal injury case the plaintiff was entitled to a jury trial as a matter of right under the Constitution (*Bieser* v. *Davies,* 119 Cal. App. 659, 664 [7 Pac. (2d) 388]) unless she waived such right in the manner prescribed by law. Subdivision 4 of section 631 of the Code of Civil Procedure provides for a waiver of a jury trial by failure to demand the same when the cause is first set upon the trial calendar when, as here, it is so set by notice or stipulation; and subdivision 5 of the same section declares that a jury trial is waived when there is a failure to deposit the amount of one day's jury fees in the manner provided by law. That appellant made her demand for a jury trial seems beyond question. She made such demand in her written memorandum for setting the case for trial and such demand was before the court when the case was called on the pre-trial calendar and set for trial on its merits. Manifestly, this amounted to a substantial compliance with the requirement that a jury must be demanded when the cause is first set upon the trial calendar. █ Respondent, however, contends that because appellant, as plaintiff in the court below, did not deposit jury fees for the first and second days of the trial, even though such fees were regularly deposited by one of the defendants, she thereby waived her right to a jury trial. This claim is without merit. The record affirmatively shows that one of the defendants deposited the first day's jury fees on the tenth day before the date originally set for trial and months before the case was actually called for trial. We cannot assume that had such defendant not paid the jury fees for the first day's trial appellant would not have done so. Further, when such fees were paid, we perceive no existing necessity for plaintiff to also tender another jury fee for the first day of trial. ''The law neither does nor requires idle acts.'' (Section 3532, Civil Code.) The only object for the requirement in civil cases that the first day's jury fees must be deposited

in advance of the trial date would seem to be that of a reasonable precaution to prevent the jurors from being defrauded by unscrupulous parties. In other words, to insure provision being made by the litigants in civil cases for the jury's compensation. Also, possibly to prevent a demand for a jury being used as a pretext to obtain continuances and thus trifle with justice. (*Conneau* v. *Geis*, 73 Cal. 176, 177 [14 Pac. 580, 2 Am. St. Rep. 785].) No such considerations or reasons appear here, nor is there anything in the record which suggests that by proceeding with the case as a jury trial the proceedings would have been delayed or that respondent would have been injured in any manner.

██ Even though it be conceded that appellant waived her right to a jury trial, as held by the trial court, it seems clear to us that when the court accepted the appellant's deposit of jury fees for the third day of the trial and ordered the proceedings to continue as a jury case the appellant was thereby relieved of any waiver upon her part of a jury trial. That the court has power to relieve a litigant of a waiver of trial by jury is firmly established in our law. (Subdiv. 7, section 631, Code of Civil Procedure; *Doll* v. *Anderson*, 27 Cal. 248; *Bullock* v. *Consumers Lbr. Co.*, 3 Cal. Unrep. 609 [31 Pac. 367]; *Dickey* v. *Kuhn*, 125 Cal. App. 68 [13 Pac. (2d) 834]; *Hill* v. *Peres*, 136 Cal. App. 132, 140; *Nevin* v. *Mallon*, 136 Cal. App. 571, 573 [29 Pac. (2d) 303]; *Stern* v. *Hillman*, 115 Cal. App. 156, 159 [300 Pac. 972]; *Duran* v. *Pickwick Stages System*, 140 Cal. App. 103, 109 [35 Pac. (2d) 148].) Such relief may be granted by the court after failure to deposit jury fees (*Davis* v. *Conant*, 10 Cal. App. (2d) 73, 75 [51 Pac. (2d) 151]; *Stern* v. *Hillman*, *supra*). There is also creditable authority for the statement that the purpose of section 631 of the Code of Civil Procedure is to grant the parties the right to waive a jury trial, but not to make such waiver irrevocable (*Duran* v. *Pickwick Stages System*, *supra*). ██ Whenever a doubt exists as to the propriety of granting relief from such waiver of jury trial such doubt, by reason of the constitutional guarantee, should be resolved in favor of according a litigant a trial by jury (*Loranger* v. *Nadeau*, 215 Cal. 362, 368 [10 Pac. (2d) 63, 84 A. L. R. 1264]).

██ Where as here the right to trial by jury is denied to one justly entitled thereto such denial amounts to a miscar-

riage of justice and a reversal of the judgment is required (*Union Oil Company of California* v. *Hane*, 27 Cal. App. (2d) 106, 110 [80 Pac. (2d) 516]).

The foregoing conclusions at which we have arrived render unnecessary the discussion or determination of other points raised on this appeal.

The judgment is reversed and the cause remanded for a new trial in conformity with the views herein expressed.

York, P. J., and Doran, J., concurred.