[Civ. No. 19254.   First Dist., Div. Two.   Mar. 22, 1961.]

BEN HAYDEN, Appellant, v. JORDAN FRIEDMAN et al.,
Defendants; DAVID BARNARD et al., Respondents.

Orlando J. Bowman, Edmund L. Regalia and Donald C. Bennion for Appellant.

Rankin, Oneal, Luckhardt & Center and C. E. Luckhardt for Respondents.

SHOEMAKER, J.—Plaintiff brought this action in Los Angeles County on January 28, 1957, for a partnership accounting. Subsequently the case was removed to Santa Clara County pursuant to an order granting a motion for change of venue. After the matter was at issue and on October 24, 1957, a memorandum to set the cause for trial was filed by the plaintiff with the clerk. The pertinent portion of the memorandum on this appeal reads as follows: ''The Court is requested to set the above entitled cause for trial. Nature of Action (state fully) breach of contracts, accounting and constructive fraud. Is Jury demanded? *No.*'' Plaintiff filed an amendment to complaint on April 14, 1958, adding several causes of action on the grounds of fraud and deceit. Pretrial conferences were held by Judge Owens on April 18, 1958, August 20, 1958, and October 21, 1958. At the conference of August 20 there was extensive discussion of the pleadings and the status of the action, and the following colloquy took place between the court and counsel:

''THE COURT: I take it this is a court case? Will there be a jury?

''MR. LUCKHARDT: Court case.

''THE COURT: We can, if it is a court case, we can get it to trial within two or three weeks after pre-trial.

''When will you be back from your vacation?

''MR. FOLEY: About October 2.

''THE COURT: The earliest date, then, would be about October 14?

''MR. BOWMAN: That week, I am starting an extended case on the 7th, and I am not sure whether it will take more than one week, and I would be fearful of having it that week.

''THE COURT: Suppose we say about October 21?

"Mr. Bowman: That would be better.
"The Court: All right. October 21, then.
"Mr. Bowman: At 10:00?
"The Court: Yes."

The third and final pretrial conference was held on October 21, 1958, as agreed, and at that time plaintiff demanded a trial by jury as to the causes of action based upon fraud and deceit. The demand was refused, and the action given a trial date. Thereafter plaintiff renewed his request for a jury trial by requesting a modification of the pretrial order of October 21 and by motion to the trial judge at the commencement of the trial on June 23, 1959. Each request was denied and the case was tried to the court. Judgment was rendered in favor of plaintiff and against the defendant Friedman, but in favor of the defendants Barnard and against the plaintiff. From the judgment in the Barnards' favor plaintiff appeals.

Appellant's first contention is that he has been deprived of his constitutional right to a jury trial of the action at law for fraud and deceit. This cause of action was embodied in his amendment to his complaint and ordinarily is triable to a jury. (*Hutchason* v. *Marks* (1942), 54 Cal.App.2d 113, 119 [128 P.2d 573]; *Peterson* v. *Peterson* (1946), 74 Cal.App. 2d 312, 321 [168 P.2d 474].) A jury trial may not be waived by implication; it may only be waived in the manner designated in Code of Civil Procedure, section 631. (*Parker* v. *James Granger, Inc.* (1935), 4 Cal.2d 668, 679 [52 P.2d 226]; *Gardner* v. *Shreve* (1949), 89 Cal.App.2d 804, 809 [202 P.2d 322].) However, the appellant did waive his right to a jury trial in his written memorandum to set the cause for trial pursuant to subdivision 2 of Code of Civil Procedure, section 631, which provides for written waiver "[b]y written consent filed with the clerk or judge." The appellant argues that when he amended his action to state legal grounds for relief in addition to equitable grounds he became entitled to a jury trial. He cites two cases which stated that where an equitable action is amended to include an action for damages the parties can then assert their right to a jury trial. (*Farnsworth* v. *Hunter* (1938), 11 Cal.2d 27, 32 [77 P.2d 840] [dictum]; *Connell* v. *Bowes* (1942), 19 Cal.2d 870, 871 [123 P.2d 456].) These cases did not actually pass on the question, nor did they consider the effect of waiver. The applicable rule is that an amended pleading, even

412

though it may present a new issue, does not have the effect of restoring one's constitutional right to a trial by jury which has previously been waived. (*Deberry* v. *Cavalier* (1931), 113 Cal.App. 30, 33 [297 P. 611]; *Coyne* v. *Pacific Mut. Life. Ins. Co.* (1935), 8 Cal.App.2d 104, 108 [47 P.2d 1079].)

■ It is true that Code of Civil Procedure, section 631, subdivision 4, permits a court in its discretion to allow a trial by jury where there has been a waiver of such trial, but it does not compel a court to do so and no relief can be obtained on appeal unless the trial court grossly abused its discretion. (*Harmon* v. *Hopkins* (1931), 116 Cal.App. 184, 188 [2 P.2d 540]; *Glogau* v. *Hagan* (1951), 107 Cal.App.2d 313, 318 [237 P.2d 329].) No abuse of discretion has been shown in this case. ■ One of the factors a court must consider in the exercise of its discretion is the possibility of delay in re-scheduling the trial for a jury (*Bennett* v. *Hillman* (1918), 37 Cal.App. 586, 588 [174 P. 362]), and in the present instance defendant Friedman had come all the way from Massachusetts for the sole purpose of the trial of the action. Prejudice cannot be presumed from the fact that appellant's case was tried before a judge instead of a jury; on the contrary, it is presumed that the trial was fair and impartial. (*Harmon* v. *Hopkins, supra*; *Glogau* v. *Hagan, supra*; *Holbrook & Tarr* v. *Thomson* (1956), 146 Cal.App.2d 800, 803 [304 P.2d 186].) Appellant has not shown that the lack of a jury trial prejudiced his case; as a matter of fact, he received a judgment of $47,043.06 against defendant Friedman from the court. We conclude the action of the court was proper.

■ The appellant served written interrogatories on respondent David Barnard dated August 13, 1958. The court denied appellant the right to take the interrogatories at the second pretrial conference. In his request for correction and modification of the pretrial conference order, appellant requested the court to require respondent David Barnard to answer the interrogatories; this request was denied in the third pretrial conference order. The appellant contends that he was substantially prejudiced by his inability to obtain answers to interrogatories relating to the cause of action for damages. There is no record before this court from which it may be determined whether appellant has been prejudiced in not securing the information that might be contained in answers to the interrogatories propounded. The record does show that extensive depositions had been taken by appellant

and records examined by him. ■ In all discovery proceedings a broad discretion is vested in the trial court in granting or refusing to grant an order directed at discovery, and whatever order the trial court may make may not be disturbed unless there has been an abuse of discretion by it. (*Dowell* v. *Superior Court* (1956), 47 Cal.2d 483, 486 [304 P.2d 1009]; *Ryan* v. *Superior Court* (1960), 186 Cal.App.2d 813, 817 [9 Cal.Rptr. 147] [interrogatories pursuant to Code Civ. Proc., § 2030, during pendency of action].) [5b] There has been no showing of any abuse of discretion in the lower court's refusal to permit the taking of the interrogatories.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied April 21, 1961, and appellant's petition for a hearing by the Supreme Court was denied May 16, 1961.