[Civ. No. 24929.   Second Dist., Div. Two.   July 10, 1961.]

JOSEPHINE E. HERNANDEZ, Plaintiff and Appellant, v. ROBERT J. WILSON, Defendant and Appellant.

William K. Gumpert and Murray Jackson for Plaintiff and Appellant.

Crider, Tilson & Ruppe, Robert Brill and Henry E. Kappler for Defendant and Appellant.

McMURRAY, J. pro tem.*—This is an appeal by defendant Robert J. Wilson from an order granting a new trial, and

*Assigned by Chairman of Judicial Council.

a cross-appeal by plaintiff from the judgment entered in the same action in favor of the defendant. The defendant contends that the court erred in granting a new trial since such order was granted solely on the ground that an error of law occurred during the trial of the action. Defendant's position is that there was no error of law, and that, therefore, the order granting a new trial was itself erroneous.

During the trial of the principal action on the first day of trial the attorney for the plaintiff, after selecting a jury, stated: "I think the first day's jury fees are up. Plaintiff waives jury." Defense counsel said: "Well, I will pick them up." Whereupon, plaintiff's counsel said: "I thought you would, but anyway, I am waiving." Some discussion followed as to whether or not plaintiff was committed to more than one day's jury fees and the matter proceeded to trial. This trial was held before a jury for three days, and on the morning of the fourth day, defendant's attorney stated that he was then waiving further trial by jury, whereupon the plaintiff, through her counsel, withdrew her previous waiver and demanded that the trial proceed and conclude as a jury trial.

The court concluded that plaintiff had already waived her right to a jury by the waiver in open court on the first day of the trial, and refused to permit further trial by jury, dismissed the jury, heard the conclusion of the case and ordered judgment for the defendant. Judgment was entered after findings of fact and conclusions of law and a motion was thereafter made for a new trial. Such motion was upon all statutory grounds.

The motion for a new trial was heard by the court following an argument by both counsel and a consideration of the points and authorities submitted in support of the motion for new trial. At the conclusion of argument the court made the following order relative to the motion for new trial: "After hearing argument by plaintiff and defendant, the motion is, by the court granted pursuant to error in law only, re: subsection 7 of section 657 Code of Civil Procedure." With further reference to the proceedings had in connection with the motion for new trial, the court further stated: "It is the Court's own mistake and I am going to grant the motion for new trial on the sole ground of error in law. I could protect the record and say insufficiency of the evidence, but the evidence was overwhelming. So, on the sole ground that there was error in law appearing at the trial and excepted

to by the plaintiff, the Court is going to grant the motion for a new trial."

Defendant vigorously urges that there was no error in law in connection with the jury waiver and that, therefore, the order of the court granting the new trial was improper, which would necessitate setting aside that order and revitalizing the judgment of the trial court finding in favor of the defendant.

As some sort of justification for the conduct of counsel here in alternately demanding and waiving the jury, mention is made of the cost of jury trials. It is appellant's contention that the refusal of the trial court to allow the trial to continue as a jury trial after plaintiff's initial waiver was a discretionary act and that no error of law was involved. We are cited to article I, section 7, of the Constitution of this state which sets forth the method by which a trial by jury may be waived, and also are cited to section 631, subdivision 3, of the Code of Civil Procedure which provides that trial by jury may be waived by oral consent, in open court entered in the minutes or docket. Defendant concedes that under the provisions of Code of Civil Procedure, section 631, a court may in its discretion allow a trial by jury to be heard although there has been a waiver of such trial and cites *Cloud* v. *Market Street Railway Co.*, 74 Cal.App.2d 92 [168 P.2d 191]; *Ford* v. *Palisades Corp.*, 101 Cal.App.2d 491 [225 P.2d 545], for the proposition that where a plaintiff waives a jury trial intentionally as a matter of trial tactics, the refusal of the trial court to relieve him of the waiver and allow him a jury trial is not an abuse of discretion.

Defendant further urges that while it is well settled that the granting or denial of a new trial is a matter generally within the discretion of the trial court, there is an exception to that rule where such motion is granted entirely on alleged errors of law and where matters of mere discretion are not involved (citing 4 Cal.Jur.2d, Appeal and Error, p. 477). Defendant also points out that trial courts are bound by the provisions of article VI, section 4½, of the California Constitution, and it may not grant a new trial for an alleged error of law unless the error was prejudicial (citing California Trial and Appellate Practice, Stanbury, vol. 2, p. 67). (See also *Sparks* v. *Redinger*, 44 Cal.2d 121 [279 P.2d 971]; *Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256 [143 P.2d 929]; *Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823] and *Bender* v. *Schneider*, 149 Cal.App.2d 195 [308 P.2d 527].)

Defendant urges that the trial court did not here commit any prejudicial error; that, at most, it merely refused to relieve the plaintiff of her voluntary waiver of right to a jury trial and that this does not amount to an error in law. Defendant distinguishes the case of *Loranger* v. *Nadeau*, 215 Cal. 362 [10 P.2d 63, 84 A.L.R. 1264], which was one of the cases relied upon by the trial court in making the order granting a new trial on the ground that such case was decided upon the wording of a specific code section. The case of *Cowlin* v. *Pringle*, 46 Cal.App.2d 472 [116 P.2d 109] is distinguished from the case at bar because there the trial court permitted the plaintiff to continue with his case as a jury case in the exercise of its discretion, and, thereafter, arbitrarily and without reason after so exercising its discretion deprived the plaintiff of his right to continue with a jury trial already under way. Defendant urges that prejudice cannot be presumed from the fact that the case was tried before a judge instead of a jury.

Plaintiff cites *Brandelius* v. *City & County of San Francisco*, 47 Cal.2d 729, 733-734 [306 P.2d 432] for the proposition that even when a motion for new trial is granted because of an error in law, the same intendments favoring such order shall be indulged as are used in reviewing any other order granting a new trial.

Plaintiff admits the original waiver of jury trial in open court as provided in section 631 of the Code of Civil Procedure, but contends that the court by accepting and applying jury fees then on deposit for the next day's jury fees refused to accept plaintiff's waiver and allowed the trial to proceed before a jury. Whether or not this construction of the court's action at the time of plaintiff's original waiver is correct, it does appear that later the plaintiff attempted to withdraw her waiver on the morning of the fourth day after three days' jury trial when defendant waived further trial by jury. At this time the trial judge, in denying plaintiff's request to set aside her previous waiver, said in part: ". . . once a jury or the jury obligation has been waived, such waiver may not be reinstated" and thereafter dismissed the jury.

That a court has power to relieve a litigant of a waiver of trial by jury is established in this state (*Cowlin* v. *Pringle, supra,* 46 Cal.App.2d 472), and such a waiver is not irrevocable (*Duran* v. *Pickwick Stages System,* 140 Cal.App. 103 [35 P.2d 148]), but is a matter of discretion with the court. Code of Civil Procedure, section 631, states in part:

". . . the court may in its discretion, upon such terms as may be just, allow a trial by jury to be had, although there has been a waiver of such a trial" and denial of the right to a trial by jury is a miscarriage of justice within the provisions of section 4½ of article VI of the Constitution of the State of California. (*Union Oil Co.* v. *Hane*, 27 Cal.App.2d 106 [80 P.2d 516].) Furthermore, any doubt concerning such waiver should be resolved in favor of granting a jury trial. (*Loranger* v. *Nadeau*, 215 Cal. 362 [10 P.2d 63, 84 A.L.R. 1264].)

The fact that upon the hearing on the motion for new trial the trial judge stated his opinion as to the evidence adduced at the trial cannot alter the fact that the judge misapprehended his duty and power at the time the jury was dismissed. His remarks at that time affirmatively show that he did not then deem a motion to be relieved of a waiver of the right to jury trial to be one requiring exercise of discretion. With commendable frankness he later took proper action by granting the motion for new trial.

In view of the foregoing, the cross-appeal by plaintiff requires no examination by this court for it is moot and should be dismissed.

The order granting a new trial is affirmed. The cross-appeal by plaintiff is dismissed.

Fox, P. J., and Ashburn, J., concurred.