[Civ. No. 43982. Second Dist., Div. Five. Oct. 31, 1975.]

ROBERT A. LESLIE et al., Plaintiffs and Appellants, v.
MARTIN ROE et al., Defendants and Respondents.

**COUNSEL**

Robert A. Leslie and Dorothy A. Leslie, in pro. per., for Plaintiffs and Appellants.

Archbald, Zelezny & Spray and William J. Stewart for Defendants and Respondents.

**OPINION**

ASHBY, J.—Plaintiffs (appellants) appeal from the denial of their motion for the continuance of trial in order to obtain funds for the payment of jury fees for the second and subsequent days of trial.

The facts are simple and undisputed.[1] Appellants brought an action for personal injuries. The defendants (respondents) demanded a jury trial and posted one day's jury fees. Appellants indicated in their at-issue memo that they did not demand a jury. On January 10, 1973, the first day of trial, respondents informed appellants that they had decided to waive jury. Appellants requested a reasonable time to obtain the funds necessary to pay the anticipated jury fees.[2]

---

[1] The record on appeal is based on a settled statement and partial reporter's transcript. (See *Leslie* v. *Roe,* 41 Cal.App.3d 104 [116 Cal.Rptr. 386].)

[2] "[Counsel for appellants]: Now, we believe that if we are afforded a reasonable continuance, and I would think a period of ten days to two weeks would be reasonable, that we can establish a sufficient amount of funds to cover the anticipated fees for the time this trial would take."

The trial court denied the request for a continuance,[3] directed that the jury be released and the trial commenced. Appellants proceeded to trial and at the conclusion of the trial judgment was for defendants.

■ The issue before us is whether the trial court abused its discretion by denying appellants' request for a continuance. We hold that it did.

Code of Civil Procedure section 631 provides that trial by jury may be waived by the parties in the manner specified in that section; provided further in subdivision 4 that "if a jury is demanded by either party in the memorandum to set cause for trial and such party thereafter by announcement or by operation of law waives a trial by jury, then in said event any and all adverse party or parties *shall be given* 10 days' written notice by the clerk of the court of such waiver, whereupon, notwithstanding any rule of the court to the contrary, such adverse party or parties shall have not exceeding five days immediately following the receipt of such notice of waiver, within which to file and serve a demand for a trial by jury and deposit advance jury fees for the first day's trial whenever such deposit is required by rule of court, and if it is impossible for the clerk of the court to give such 10 days' notice by reason of the trial date, or if for any cause said notice is not given, the trial of said action shall be continued by the court for a sufficient length of time to enable the giving of such notice by the clerk of the court to such adverse party." (Italics added.)

Counsel for appellants was told on Monday by counsel for one of the defendants that even if the other defendants waived jury he thought he would require a jury. Nevertheless, on Wednesday, which was the first day of trial, all defendants waived jury trial. This was the first and only notice of the jury waiver appellant received. Under section 631, subdivision 4, appellants were entitled to 10 days' notice that defendants had waived jury. Since 10 days' notice was impossible by reason of the trial date, appellants were entitled to a continuance. (See *De Castro* v. *Rowe*, 223 Cal.App.2d 547 [36 Cal.Rptr. 53].) The trial court abused its discretion in denying appellants' request for at least the 10 days' continuance.

---

[3]"THE COURT: (Interposing) I have had experience with this type of situation where one party didn't request a jury and the other party canceled at the last minute, and I think that you have to get your request in before the trial.
"No continuance will be granted."

Respondents argue that under the provisions of section 631, subdivision 8, appellants waived jury by failing to promptly deposit the required jury fees. We are not persuaded by this argument. Section 631, subdivision 8, must be read in conjunction with section 631, subdivision 4. (*Mercer* v. *Perez,* 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315].) We construe these sections to mean that if appellants did not promptly deposit the required fees "at the beginning of the second and each succeeding day's session" the jury would be waived.[4]

We need not consider appellants' second contention that the trial court erred in refusing to provide a jury at county expense on the ground that appellants were indigent other than to note that appellants did not file an affidavit of indigency nor request that the trial proceed in forma pauperis.[5]

The judgment is reversed.

Stephens, Acting P. J., and Hastings, J., concurred.

---

[4]The fees for the first day of trial had already been paid by respondents.

[5]Counsel for appellants made the following representation to the court:

"The defendants have estimated the trial at six to eight days, which would—six to eight days, which would afford a substantial amount of fees. Because of Mr. Leslie's injuries he has been unemployed since the date of the injury. He is receiving welfare aid, and I would be happy to call both Mr. and Mrs. Leslie to the stand, your Honor, to introduce into evidence the testimony regarding their financial impecuniousness at this time. It isn't so much that we can't get the jury fees, it is just that on this late notice we are not in a position to cover the fees. I think the Court has advisedly a requirement that the fees be paid in advance, so that the County does not get stuck if the people can't come up with the money."