[Civ. No. 38061. First Dist., Div. Four. Jan. 5, 1977.]

MARLENE A. MARCH, as Administratrix, etc.,
Plaintiff and Appellant, v.
JOHN A. PETTIS, JR., et al., Defendants and Respondents.

**COUNSEL**

Kornfield & Koller and Irving J. Kornfield for Plaintiff and Appellant.

Crosby, Heafey, Roach & May, Ronald A. Wagner, Peter W. Davis, Robert T. Cresswell and Gerald L. McEnhill, for Defendants and Respondents.

## OPINION

**THE COURT.*—**Marlene A. March, as administratrix of the estate of Don D. March, appeals from a judgment adverse to her in an action in which she sought from several defendants a partnership accounting and damages for professional malpractice of lawyers and accountants. The sole question is whether the court erred in rejecting a demand by appellant for trial by jury.

Trial by jury had been requested only by the attorney defendants. Later, when the matter was assigned out to trial, the attorney defendants waived a jury. Appellant immediately demanded a jury and offered to tender jury fees. That demand was rejected and the action proceeded to trial without a jury. The court rendered judgment in favor of defendants. Subsequent to the entry of judgment, the case was partially settled, leaving the attorneys and accountants as defendants for alleged malpractice. The present appeal followed.

Appellant first contends that the denial of a jury trial was improper under California Constitution, article I, section 16. The Constitution provides: "Trial by jury is an inviolate right and shall be secured to all . . . . In a civil cause, a jury may be waived by the consent of the parties expressed as prescribed by statute." Thus, a trial by jury must be afforded unless a party waives the right as prescribed in Code of Civil Procedure section 631. Code of Civil Procedure section 631 states that a jury may be waived in a number of ways: (a) Failure to appear at the trial (Code Civ. Proc., § 631, subd. 1); (b) Express consent (Code Civ. Proc., § 631, subds. 2, 3); (c) Noncompliance with requirements (Code Civ. Proc., § 631, subds. 4-8). (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 85, p. 2918.) **(1)** Appellant contends that she did not waive a jury trial by indicating in her "at issue memorandum" that she did not request a jury. Appellant correctly notes that a failure to request a jury in a memorandum to set cause for trial[1] "does not of itself constitute a waiver." (*DeCastro* v. *Rowe* (1963) 223 Cal.App.2d 547, 552-553 [36 Cal.Rptr. 53].) "The right to a jury trial may not be waived by implication, but only affirmatively and in the manner designated by section 631 of the Code of Civil Procedure." (*Turlock Golf etc. `Club* v.

*Before Rattigan, Acting P. J., Christian, J., and Rouse, J.†

[1]Rule 206(b), California Rules of Court, now refers to an "at issue memorandum" rather than a "memorandum to set."

†Assigned by the Chairman of the Judicial Council.

*Superior Court* (1966) 240 Cal.App.2d 693, 699 [50 Cal.Rptr. 70].) However, appellant expressly answered "no," in her at-issue memorandum, to the question whether a jury was demanded. This response was an express waiver of the right to a jury trial under Code of Civil Procedure section 631, subd. 2, which provides that a party may waive a jury by written consent filed with the clerk or judge. (See *Hayden* v. *Friedman* (1961) 190 Cal.App.2d 409 [12 Cal.Rptr. 17].)

■ Appellant next contends that she was nevertheless entitled to demand a jury trial under the provisions of Code of Civil Procedure section 631, subd. 4. It is important to note that Code of Civil Procedure section 631, the jury waiver section, also sets forth the procedure for demand of a jury trial and for deposit of jury fees. (See 4 Witkin, Cal. Procedure (2d ed. 1971) Trial, § 80, p. 2914.) Appellant argues that Code of Civil Procedure section 631, subdivision 4[2] allows a party who has previously waived, to "pick-up" the jury. Particular reliance is placed on a saving clause which was added to subdivision 4 in 1941.[3] Under this proviso, a waiver through failure to demand a jury at trial setting can be withdrawn if a previous jury demand by an adverse party is subsequently waived. (See 15 So.Cal.L.Rev. (1941) 14.) The amendment obviated the unintended waiver which had theretofore occurred where a party failed to demand a jury, relying on another party's express demand, and

---

[2]Code of Civil Procedure section 631, subdivision 4 provides:

"Trial by jury may be waived by the several parties to an issue of fact in manner following:

"4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation; provided, that in justice courts such waiver may be made by failure of either party to demand a jury within two days after service upon him of the notice provided for in Section 594 of this code; provided further, that in any superior court action if a jury is demanded by either party in the memorandum to set cause for trial and such party thereafter by announcement or by operation of law waives a trial by jury, then in said event any and all adverse party or parties shall be given 10 days' written notice by the clerk of the court of such waiver, whereupon, notwithstanding any rule of the court to the contrary, such adverse party or parties shall have not exceeding five days immediately following the receipt of such notice of waiver, within which to file and serve a demand for a trial by jury and deposit advance jury fees for the first day's trial whenever such deposit is required by rule of court, and if it is impossible for the clerk of the court to give such 10 days' notice by reason of the trial date, or if for any cause said notice is not given, the trial of said action shall be continued by the court for a sufficient length of time to enable the giving of such notice by the clerk of the court to such adverse party.

"Regardless of anything contained in the foregoing to the contrary, the court may in its discretion, upon such terms as may be just, allow a trial by jury to be had, although there has been a waiver of such a trial."

[3]Beginning with line 7, "provided further, that in any superior court . . ."

thereafter lost the right to a jury trial when the demand was withdrawn. However, when a party has already waived a jury trial by "express consent" (Code Civ. Proc., § 631, subd. 2), relief from that waiver is not an absolute right, but is subject to the discretion of the court. The purpose of the proviso was to protect a party who failed to demand a jury, relying on a demand by another party, not a party who intended to and expressly waived a jury. Appellant was not entitled as a matter of right to a trial by jury under the saving clause of Code of Civil Procedure section 631, subdivision 4.

■ Appellant next contends that the "pick-up" provision of Code of Civil Procedure section 631, subdivision 8[4] also grants the right to a jury trial to a party who has previously waived a jury. Respondents contend that the pertinent language of subdivision 8 (fn. 4, commencing at line 4) does not provide by implication that a party who has expressly waived a jury must be relieved of that waiver as a matter of right because another party who has demanded a jury subsequently waives it. The Legislature amended Code of Civil Procedure section 631 in 1971 by prescribing in subdivision 8 procedures by which a jury may be waived after a case has been assigned to a department for trial. The subdivision also includes a saving clause to allow a party, who has previously waived a jury by failure to demand a jury or post fees, to "pick-up" the jury. The proviso does not address either the situation where a party has expressly waived a jury trial earlier in the proceedings, or the situation where a party who has demanded a jury trial and posted fees, waives the jury after the trial has commenced and subsequently demands to "pick-up" the jury again upon waiver by the adverse party. Two cases, which preceded the 1971 amendment, shed light on the purpose of subdivision 8. In *Lee* v. *Giosso* (1965) 237 Cal.App.2d 246 [46 Cal.Rptr. 803], respondents, who had requested a jury, waived it during trial. Appellant then requested a jury. On appeal from a judgment in favor of respondent, the court stated: "As appellant had expressly waived a jury at the time he filed his memorandum to set and at the pretrial conference, his subsequent demand of a jury during the trial was untimely and properly denied." (*Id.,* at pp. 248-249.) Thus, relief from an express waiver was deemed to be

[4]"When the party who has demanded trial by jury either waives such trial upon or after the assignment for trial to a specific department of the court, or upon or after the commencement of the trial, or fails to deposit the fees as provided in subdivision 6 or 7; by the other party either *failing promptly to demand trial by jury before the judge in whose department such waiver, other than for the failure to deposit such fees,* was made, or by his failing promptly to deposit the fees provided in subdivision 6 or 7.

"The court may, in its discretion upon such terms as may be just, allow a trial by jury to be had although there has been a waiver of such a trial." (Italics added.)

discretionary during trial. In *Hernandez* v. *Wilson* (1961) 193 Cal.App.2d 615 [14 Cal.Rptr. 585], plaintiff posted the first day jury fees. After a jury had been selected on the first day of trial, plaintiff waived the jury. Defendant immediately assumed the costs. On the fourth day of trial, defendant waived the jury. The court refused to allow plaintiff to "pick-up" the jury, concluding that plaintiff had already waived the jury on the first day. The court stated: "once a jury or the jury obligation has been waived, such waiver may not be reinstated." The appellate court, in upholding the granting of a new trial, recognized that the trial court had misapprehended its power to exercise its discretion: "The fact that upon the hearing on the motion for new trial the trial judge stated his opinion as to the evidence adduced at the trial cannot alter the fact that the judge misapprehended his duty and power at the time the jury was dismissed. His remarks at that time affirmatively show that he did not then deem a motion to be relieved of a waiver of the right to jury trial to be one requiring exercise of discretion. With commendable frankness he later took proper action by granting the motion for new trial." (*Id.,* at p. 619.) In *Hernandez,* appellant's prior waiver was made after jury selection. The court held that relief from that waiver was discretionary, not that appellant had an absolute right to "pick-up" the jury after it had been waived.

Consistent with the rationale of these cases, subdivision 8 allows a party who has previously waived a jury by failing to post jury fees or failing to demand a jury to "pick-up" the jury "upon or after the assignment for trial . . . or upon or after the commencement of the trial" when another party waives. This interpretation is congruent with subdivision 4, which "give[s] the party still desiring a jury trial an opportunity to demand one after notice that the party first demanding one ha[s] subsequently waived." (15 So.Cal.L.Rev. 14.) Thus, a party who has already expressly waived would be relieved of that waiver only in the court's discretion. The legislation was intended to protect against unknowing waivers in order to give effect to a party's constitutional right to a jury. None of the decisions supports the contention that a party who has expressly waived a jury trial should thereafter be granted a jury trial as an absolute right. (See *Taylor* v. *Union Pac. R.R. Corp.* (1976) 16 Cal.3d 893 [130 Cal.Rptr. 23, 549 P.2d 855]; *Hayden* v. *Friedman, supra,* 190 Cal.App.2d 409; *Leslie* v. *Roe* (1975) 52 Cal.App.3d 686 [125 Cal.Rptr. 157]; *Cowlin* v. *Pringle* (1941) 46 Cal.App.2d 472 [116 P.2d 109].)

The question remains whether the trial court abused its discretion in denying appellant relief from her previous waiver. The scope of

discretion allowed a trial court in dealing with a request for jury "pick-up" and the standard of review are set forth in *Hayden* v. *Friedman, supra,* 190 Cal.App.2d at p. 412: "It is true that Code of Civil Procedure, section 631, subdivision 4, permits a court in its discretion to allow a trial by jury where there has been a waiver of such trial, but it does not compel a court to do so and no relief can be obtained on appeal unless the trial court grossly abuses its discretion. [Citations.]" In exercising its discretion, a court is entitled to consider many factors, including the possibility of delay in rescheduling the trial for a jury, lack of funds, timeliness of request and prejudice to all the litigants. (*Still* v. *Plaza Marina Commercial Corp.* (1971) 21 Cal.App.3d 378 [98 Cal.Rptr. 414]; *Hayden* v. *Friedman, supra,* 190 Cal.App.2d at p. 412; *Holbrook and Tarr* v. *Thomson* (1956) 146 Cal.App.2d 800, 804 [304 P.2d 186]; *Glogau* v. *Hagan* (1951) 107 Cal.App.2d 313, 318 [237 P.2d 329]; *Cloud* v. *Market Street Ry. Co.* (1946) 74 Cal.App.2d 92, 104 [168 P.2d 191]; *Cowlin* v. *Pringle* (1941) 46 Cal.App.2d 472 [116 P.2d 109].) "Whenever a doubt exists as to the propriety of granting relief . . . such doubt, by reason of the constitutional guarantee, should be resolved in favor of according a litigant a trial by jury." (*Cowlin* v. *Pringle, supra,* at p. 476.) However, relief will be denied where the only reason for the demand appears to be the party's change of mind or where a demand for a jury is being used as a "pretext to obtain continuances and thus trifle with justice." (*Cowlin* v. *Pringle, supra,* at p. 476; see also *Broadway Fed. etc. Loan Assoc.* v. *Howard* (1955) 133 Cal.App.2d 382, 397 [285 P.2d 61]; *Cloud* v. *Market Street Ry. Co., supra,* at p. 104.)

■ A trial court acts properly in denying relief and does not abuse its discretion where any reasonable factors supporting denial can be found. (*Hayden* v. *Friedman, supra,* 190 Cal.App.2d at p. 412; *Harmon* v. *Hopkins* (1931) 116 Cal.App. 184, 188 [2 P.2d 540].) Appellant voluntarily waived a jury, presumably as a matter of trial tactics. No problem of delay was presented, as appellant immediately offered to tender jury fees when the parties who had demanded a jury announced their waiver. But three other parties neither desired nor requested a jury. Considering the disadvantage to these defendants, the trial court denied appellant relief from her waiver. That determination has not been shown to be an abuse of discretion.

The judgment is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied March 3, 1977.