Filed 4/4/14  Yun v. Rhee CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SONG W. YUN,<br><br>     Plaintiff and Respondent,<br><br>  v.<br><br>JOHN RHEE,<br><br>     Defendant and Appellant. | B246822<br><br>(Los Angeles County<br> Super. Ct. No. BC459156) |

APPEAL from the judgment of the Superior Court of Los Angeles County. Ernest M. Hiroshige, Judge.  Affirmed.

Law Offices of Paul H. Samuels, Paul H. Samuels; Law Offices of Mary Lee and Mary Lee for Defendant and Appellant.

Tepper Law Firm and Nicholas Tepper for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

This is an appeal from a judgment entered after a court trial in two consolidated actions. The dispute is over a $200,000 debt secured by a deed of trust. The parties testified to starkly different versions of the facts concerning the indebtedness and the making of the deed of trust, and the indebtedness was not well documented. In 2007, plaintiff Song W. Yun ostensibly lent $924,000 to BJ Hospitality LLC, in which defendant John Rhee was a principal, although plaintiff testified the loan was actually a personal loan to defendant. A large portion of the loan was repaid, and defendant repeatedly agreed to repay the remaining $200,000 balance. Defendant also promised to purchase a promissory note executed by the nominal borrower, BJ Hospitality, and also executed a deed of trust on his own property, securing $110,000 of the outstanding balance owed to plaintiff. When defendant failed to pay on the loan, plaintiff recorded a notice of default, and according to defendant, foreclosed on the property.

Plaintiff and his wife, Soo Mi Yun, sued defendant to collect the outstanding sums due on the loan,[1] and defendant filed a separate suit for wrongful foreclosure.[2] The cases were consolidated, and tried to the court, after defendant waived his right to a jury trial by failing to timely post jury fees. In a lengthy statement of decision, the trial court found for plaintiff, and concluded that defendant had not met his burden of proof as to his wrongful foreclosure claims.

---

[1] The first amended complaint stated causes of action for: (1) breach of written promissory note/contract; (2) common counts; (3) breach of oral contract secured by written straight note secured by a deed of trust; (4) common counts; (5) breach of loan agreement; (6) fraudulent inducement to contract/false promise; (7) negligent misrepresentation; (8) breach of oral contract to place deed of trust on residence; (9) false promise; and (10) fraudulent inducement to contract/false promise. Plaintiff later dismissed the sixth through tenth causes of action.

[2] Defendant's second amended complaint alleged causes of action for: (1) cancellation of deed of trust; (2) cancellation of notice of default; (3) cancellation of notice of trustee sale; (4) to set aside the trustee sale; (5) quiet title; and (6) accounting. The gravamen of the complaint is that the deed of trust is not supported by consideration and was executed under duress.

2

On appeal, defendant contends that substantial evidence does not support the trial court's judgment because BJ Hospitality LLC, and not defendant, was obligated to pay the loan, and plaintiff did not adduce evidence that BJ Hospitality was defendant's alter ego. Defendant also contends the trial court's finding that he reaffirmed the debt by executing a deed of trust is unfounded, because the deed of trust lacked consideration, and was executed under duress. Defendant contends that his wrongful foreclosure claims were adequately supported, and that anti-deficiency law precludes the $200,000 judgment. Lastly, defendant contends that the trial court abused its discretion when it refused to grant defendant relief from his waiver of a jury trial. Finding no merit in any of defendant's contentions, we affirm.

## FACTS

In 2007, plaintiff and defendant brokered a real estate transaction in Texas whereby BJ Hospitality LLC purchased two hotels. Plaintiff was the seller's broker and defendant was the buyer's broker. Defendant was also a principal in BJ Hospitality, along with Wook Hur. Plaintiff testified that he agreed to lend defendant a total of $924,000 over the months of September, October, and November 2007 to consummate the hotel transaction.

Some of the loans were memorialized by written contracts, while others were not. A September 5, 2007 promissory note, executed by Wook Hur and BJ Hospitality LLC, promised to pay plaintiff and his wife $402,000 by September 30, 2007. A September 7, 2007 promissory note, executed by Wook Hur and BJ Hospitality, promised to pay plaintiff and his wife $120,000 by September 30, 2007. An October 17, 2007 note, also executed by Wook Hur, but only on behalf of BJ Hospitality, promised to pay plaintiff's wife $200,000 by February 28, 2009. No written contract was offered in evidence memorializing the balance of the $924,000 loan. According to plaintiff, defendant personally asked for the loan of $924,000. He told plaintiff the loan should not be in his name, however, because that "might be in violation of real estate law" because he was acting as the buyer's broker.

3

Plaintiff prepared an accounting documenting the loans and the payments made on the loans. The accounting showed a loan of $400,000 made on September 5, 2007, a loan of $120,000 made on September 7, 2007, and interest of $2,000. Payments of $402,000 and $120,000 were received on October 22, 2007. The accounting showed another loan of $120,000 was made on November 7, 2007, and a loan of $280,000 was made on November 8, 2007. Interest of $2,000 was charged. Thereafter, payments of $180,000 and $22,000 were received on November 19, 2007. As of November 19, 2007, $200,000 remained unpaid.

Plaintiff confronted defendant about the outstanding loan balance. Plaintiff told defendant that he intended to sue BJ Hospitality LLC, but defendant urged plaintiff not to sue, fearing that it would interfere with plans to sell the hotels. Defendant said "he would pay everything himself," and plaintiff gave defendant six additional months to pay back the money. Defendant executed a September 15, 2008 contract in which he promised to buy the October 17, 2007 note for $200,000, executed by Wook Hur on behalf of BJ Hospitality, if it was not paid off by the February 28, 2009 maturity date. However, defendant never purchased the note before or after its February 28, 2009 maturity date.

When plaintiff again confronted defendant about the outstanding balance on the loan, defendant promised to record a lien on his property to secure some of the outstanding balance. An April 24, 2009 deed of trust executed by defendant, encumbering his property located at 3376 West 1st Street in Los Angeles, secured "the principal sum of $110,000" for the payment of "the indebtedness evidenced by one promissory note of even date herewith" to plaintiff. There is no April 24, 2009 promissory note in evidence.

After defendant recorded the deed of trust, he invited plaintiff to worship at his church, and introduced plaintiff to his pastor. Defendant also invited plaintiff to his home to watch the 2010 World Cup soccer tournament. Plaintiff watched nearly 10 games at defendant's house. Because defendant lived in a gated community, plaintiff could not attend events at defendant's home unless he was invited. Also, in 2010 and 2011,

4

plaintiff and defendant would often meet at the spa, play golf together, and meet for meals.

Defendant testified that he did not invite plaintiff to his home to watch the soccer tournament, but that plaintiff just showed up. Defendant executed the deed of trust because plaintiff threatened to kill his family. He feared plaintiff because he heard that plaintiff attacked and hospitalized another man, Mr. Chris Sua, over a debt Sua's friend owed to plaintiff.

The trial court entered judgment in favor of plaintiff on his first, third, and fifth causes of action, in the amount of $200,000. The trial court found that defendant had not carried his burden to prove his wrongful foreclosure claims.

## DISCUSSION

Defendant contends that substantial evidence does not support the trial court's judgment because BJ Hospitality LLC, and not defendant, was indebted to plaintiff. Defendant also contends the September 15, 2008 agreement and the April 24, 2009 deed of trust are not supported by consideration, and that the deed of trust was executed under duress. Defendant contends that his wrongful foreclosure claims were adequately supported, reasoning there was evidence in the record that defendant had wrongly foreclosed on his property. Lastly, defendant contends that the trial court abused its discretion when it refused to relieve defendant from his waiver of a jury trial.

1.      **Sufficiency of the Evidence**

Defendant challenges the sufficiency of the evidence in support of the judgment, claiming that plaintiff lent money to BJ Hospitality LLC, and there was no evidence that BJ Hospitality was defendant's alter ego. Defendant also claims that his "ratification" of the loan, by the September 2008 contract and the 2009 deed of trust, are not supported by consideration. Lastly, he claims the deed of trust was executed under duress.

A judgment is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown' " by the appellant. (*Ibid*.) This standard also applies to statements of decision. "[W]hen the court's

5

statement of decision is ambiguous or omits material factual findings, a reviewing court is required to infer any factual findings necessary to support the judgment. [Citations.] This rule 'is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error.' [Citation.]" (*Ermoian v. Desert Hospital* (2007) 152 Cal.App.4th 475, 494.) Appellate review for sufficiency of the evidence extends to the entire record, and is not limited to facts mentioned in a trial court's statement of decision. (See *In re Marriage of Schmir* (2005) 134 Cal.App.4th 43, 49-50.)

The trial court issued a lengthy statement of decision, finding in pertinent part: "The evidence shows Rhee owed a debt to Yun in the amount of $200,000. . . . Yun testified he, with the assistance of his accountant, prepared an accounting showing this debt. . . . The accounting shows in detail the loan and payback transactions between Yun and Rhee. . . . This $200,000 debt is the gravamen of Yun's lawsuit against Rhee in LASC No. BC 459 156. [¶] . . . [¶]

"Rhee testified Yun was paid in full. However, Rhee did not offer any evidence to support his position. . . . Rhee's testimony was completely devoid of any credible evidence to disprove the fact that he owed Yun $200,000. [¶] . . . [¶]

"The evidence shows Rhee intended to repay the Yuns the full amount that was owed. . . . Said intention is strongly evidenced by Rhee's conduct as well as Yun's testimony.

"The Yuns both testified Rhee verbally acknowledged the debt and promised to pay it back on several occasions. The Yun's [*sic*] testified they believed Rhee's representations that he would pay back the money.

"The Yuns testified it was not until almost two years after the debt was incurred that Yun requested reassurances from Rhee. Yun testified he gave Rhee, as consideration, six months additional time to repay the debt in exchange for Rhee executing a Deed of Trust securing that debt. . . . As such, that Deed of Trust is a valid instrument supported by adequate consideration.

6

"Rhee testified he signed the Deed of Trust as a result of duress because he was in fear of Yun. Rhee based this contention on an alleged incident between Yun and Chris Sua which Rhee admitted he did not personally witness. Rhee did not offer any testimony from Chris Sua to corroborate his claims about the alleged incident. Rhee did not offer any police reports or medical records to indicate an incident actually occurred. Rhee's claim the Chris Sua incident caused him to fear Yun and sign the Deed of Trust under duress is not credible.

"Rhee further testified Yun caused him to fear for his and his family's life because Yun threatened to kill Rhee and Rhee's children. Rhee's claim Yun threatened to kill him and his family is not credible. Yun testified in 2010 (after the Deed of Trust was executed) that he went to Rhee's home on numerous occasions to watch World Cup soccer matches. This fact was confirmed by Rhee's testimony. A man who fears for his life and the lives of his family would not repeatedly allow the man who threatened to kill them into his home where his children and wife reside. Yet this is exactly what Rhee testified happened.

"Rhee offered other testimony the Court determined was not credible. Rhee testified he is a licensed real estate agent and has been conducting business for over twenty years. However, when asked about his signature on documents reaffirming the debt at issue, Rhee testified he did not read or understand what he was signing before he signed the documents. It is implausible to believe a person who is as experienced a real estate agent and businessman as Rhee would not read and attempt to understand documents before signing them. This is especially true with the documents at issue in this trial which created a personal debt of hundreds of thousands of dollars owed by Rhee. [¶] . . . [¶]

"Rhee's claims the subject Deed of Trust is void because it was signed under duress is not credible. Rhee's testimony on this point is not credible. The Deed of Trust was entered into voluntarily and is valid." (Fn. omitted.)

As to defendant's claims against plaintiff, the trial court concluded: "The gravamen of Rhee's complaint in LASC No. BC 464 717 is that the foreclosure of his

7

personal real property pledged by Rhee to secure the $200,000 debt owed to Yun should be set aside and that title should be quieted in his name. [¶] As a general rule, there is a common law rebuttable presumption that a foreclosure sale has been conducted regularly and fairly. (*Wolfe* [*v.*] *Lipsey* (1985) 163 Cal.App.3d 633, 639.) In this case, however, Rhee did not present any evidence to rebut this presumption. In fact, Defendant failed to offer into evidence any evidence establishing the allegation that a foreclosure sale actually ever occurred. [¶] Although Rhee offered a Notice of Default and a Notice of Trustee's sale, these documents only indicate a sale was scheduled to take place. . . . Rhee did not offer a Trustee's Deed Upon Sale which would indicate a transfer of property actually occurred. No one testified there was a foreclosure. In fact, there was no document of any kind showing the current state of the title of the subject property."

In challenging the sufficiency of the evidence to support the trial court's many findings of fact, defendant must fairly summarize the evidence in his opening brief. "A party who challenges the sufficiency of the evidence to support a finding must set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable." (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 [issues waived if not discussed in opening brief]; Cal. Rules of Court, rule 8.204(a)(2)(C) [An appellant is required to include a summary of all "significant facts" in its briefs.].)

Instead, defendant's statement of facts casts all the evidence in the light most favorable to his positions on appeal, ignoring most of the evidence that supports the judgment. For example, defendant thoroughly discussed his proffered evidence of duress, yet made almost no mention of the evidence showing that defendant invited plaintiff into his home after the deed of trust was executed, invited him to his church, and met with him on multiple occasions to share meals and play golf. Defendant claims he did not personally owe money to plaintiff, but his statement of facts fails to mention the September 15, 2008 contract promising to pay $200,000 in the event that BJ Hospitality LLC defaulted on a note, and the other evidence of defendant's assurances to pay off the

debt.**3** Since defendant failed to fairly describe the record, his challenge to the sufficiency of the evidence has been forfeited.

Even if we were to consider defendant's claims on their merits, they would fail. There is ample evidence supporting the trial court's conclusion that defendant owed plaintiff $200,000. First, plaintiff testified he lent money directly to defendant, and that he prepared an accounting of this debt. The documents on which the accounting was based indicated that the money was lent to Wook Hur and BJ Hospitality LLC. However, plaintiff testified that "John Rhee at the time told me Wook Hur . . . was his partner and in no way [defendant's] name is supposed to be indicated in [any loan] document[s]." Plaintiff testified that defendant told him "that, if his name is contained [in the loan documents], that might be in violation of a real estate law. So even the loaning of money was done under [plaintiff's] wife's name."

This evidence clearly supports the trial court's judgment.**4** All that plaintiff was required to prove was that he lent money to defendant, and that defendant failed to pay it back as agreed. (See *Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1178; *Allen v. Powell* (1967) 248 Cal.App.2d 502, 510.) Plaintiff accomplished this with his testimony and his accounting.

---

**3**     The September 15, 2008 contract is not mentioned at all in the statement of facts, but on appeal defendant later argues the document is not supported by sufficient consideration in the argument section of his brief. Also, a passing reference is made to the evidence countering defendant's duress claim in the argument section of defendant's brief: "While there was evidence that Yun watched the World Cup soccer matches, there was nothing to suggest an absence of fear." This wholly inadequate discussion of the evidence that plaintiff introduced to demonstrate that defendant did not act under duress is insufficient to preserve the issue on appeal.

**4**     Defendant contends there was insufficient evidence that BJ Hospitality LLC was defendant's alter ego. Of course, this is one theory plaintiff could have pursued in holding defendant accountable under the contracts. However, as the trial court correctly noted, plaintiff adduced evidence of oral agreements with defendant pursuant to which defendant personally borrowed the money, irrespective of any written agreement between plaintiff and BJ Hospitality.

Defendant contends the trial court erred in admitting the accounting, urging it is hearsay and that insufficient foundation was established to bring it within the business record exception. We find no abuse of discretion in admitting this evidence. (*Hernandez v. Amcord, Inc.* (2013) 215 Cal.App.4th 659, 678 [a trial court's evidentiary rulings are reviewed for an abuse of discretion].) Evidence Code section 1271 permits admission of business records when: (1) the writing was made in the regular course of a business; (2) at or near the time of the act, condition, or event; (3) the custodian or other qualified witness testifies to its identity and the mode of its preparation; and (4) the sources of information and method and time of preparation were such as to indicate its trustworthiness. Plaintiff testified that he prepared the accounting for the Texas hotel transactions based upon the documents memorializing the transactions (most of which were admitted into evidence independent of the accounting, and were themselves admissible business records), and that his accounting was given to a CPA to format. (See *Vanguard Recording Society, Inc. v. Fantasy Records, Inc.* (1972) 24 Cal.App.3d 410, 418-419 [an accounting of sales records was properly admitted as a business record].) On this record, we can find no abuse of discretion.

Defendant next contends the September 15, 2008 guaranty and the deed of trust were not supported by adequate consideration, reasoning that a promise to assume another's debt must be supported by separate consideration than the original contract. (*Leonard v. Gallagher* (1965) 235 Cal.App.2d 362, 373 ["past consideration will not support a promise which is in excess of the promisor's existing debt or duty"].) This argument misses the mark, because it presumes the debt was not defendant's, and as we have discussed above, substantial evidence supported the trial court's finding that defendant was the borrower.

## 2. Defendant's Wrongful Foreclosure Claims

Defendant contends the trial court's "refusal to set aside the trustee's sale was error." He argues that because "the subject deed of trust is void, the foreclosure based upon that deed of trust must be set aside." However, defendant introduced absolutely no evidence at trial that a foreclosure had been completed, or under what circumstances the

10

alleged foreclosure was conducted. A claim to set aside a trustee's sale requires proof of an irregularity in the foreclosure process. (*Melendrez v. D & I Investment, Inc.* (2005) 127 Cal.App.4th 1238, 1258.)

Although plaintiff testified, in passing, that his wife owned the subject property, there is no evidence how she may have acquired title. Perhaps she acquired title pursuant to a trustee's sale in foreclosure, but she may have acquired title by some other means, or she may not have acquired title at all; we would have to speculate as to the meaning of plaintiff's testimony on this record. The trial court correctly found there was no evidence that a foreclosure sale actually ever occurred. No evidence of a trustee's deed upon sale or other document showing the current state of title of the property was offered in evidence.[5] Because defendant has not demonstrated that he was entitled to a judgment in his favor on his wrongful foreclosure claims, the judgment against him must be affirmed. (See, e.g., *Berkeley v. Alameda County Bd. of Supervisors* (1974) 40 Cal.App.3d 961, 965.) Therefore, defendant's claim that the anti-deficiency law precludes the judgment also fails.

## 3. Waiver of Jury Trial

Former Code of Civil Procedure section 631, subdivision (d)[6] provides that a party waives trial by jury by "failing to deposit . . . advance jury fees." "Each party demanding a jury trial shall deposit advance jury fees with the clerk or judge. . . . The deposit shall be made at least 25 calendar days before the date initially set for trial." (Former § 631, subd. (b), Stats. 2002, ch. 806, § 15.) Former subdivision (e) (now renumbered

---

[5]    During argument, defense counsel informed this court that his request to reopen evidence in response to plaintiff's motion for nonsuit on defendant's wrongful foreclosure claims was denied by the trial court. This issue was never addressed in defendant's appellate briefs, so any claim of error has been waived. (*Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99.)

[6]    This statute was later amended, effective September 17, 2012. (See Stats. 2012, ch. 41, § 3.)

11

subdivision (g)), provides that "[t]he court may, in its discretion upon just terms, allow a trial by jury although there may have been a waiver of a trial by jury."

It is well settled that a trial court has broad discretion in deciding whether to grant relief from a jury trial waiver. " 'Code of Civil Procedure, section 631 . . . permits a court in its discretion to allow a trial by jury where there has been a waiver of such trial, but it does not compel a court to do so and no relief can be obtained on appeal unless the trial court grossly abuses its discretion. [Citations.]' In exercising its discretion, a court is entitled to consider many factors, including the possibility of delay in rescheduling the trial for a jury, lack of funds, timeliness of request and prejudice to all the litigants." (*March v. Pettis* (1977) 66 Cal.App.3d 473, 480.)

Plaintiff's case against defendant was initially set for trial on April 11, 2012. Therefore, jury fees were due no later than March 20, 2012. (*March v. Pettis*, *supra*, 66 Cal.App.3d at p. 480; see also Code Civ. Proc., § 12a.) After the cases were consolidated, the trial date was continued to July 11, 2012. The final status conference (FSC) was set for June 29, 2012. When counsel met and conferred on June 20, 2012, to prepare joint FSC documents, jury fees had not been posted, and plaintiff's counsel told defense counsel that a jury trial had been waived. Nonetheless, defense counsel posted jury fees before noon. A few days later, defendant served proposed jury instructions and a proposed statement of the case to be read to the jury.

The day before the FSC, plaintiff's counsel filed and served a declaration stating that both parties had waived jury trial. In that declaration, plaintiff's counsel averred that defendant failed to post jury fees 25 days in advance of the original April trial date, and therefore waived his right to a jury trial. He also averred that while meeting and conferring on June 20, 2012, about the preparation of joint FSC documents, he had pointed out to defense counsel that both parties had waived the right to a jury trial. The parties then corresponded about the waiver by email. Plaintiff's counsel told defense counsel he would move to strike any late posted jury fees. At the June 29, 2012 FSC, the trial court ordered defense counsel to file and serve a response to plaintiff's declaration regarding waiver of jury trial.

12

Defense counsel's response contended that defendant posted fees promptly after counsel realized plaintiff had not posted jury fees. The response sought relief from any waiver under Code of Civil Procedure section 631. Defense counsel declared that after the court had denied her motion for summary adjudication on June 13, 2012, counsel became focused on legal research and reviewing the parties' deposition testimony as it related to issues in the court's June 13 order. "As a result, I ended up forgetting about the deadline for posting jury fees."

By minute order served on July 2, 2012, the trial court requested supplemental briefing from plaintiff on any prejudice that would be suffered if a jury trial were ordered.

In a supplemental declaration, plaintiff's counsel averred that "my clients stipulated to dismiss at least one defendant who they would not have dismissed had they known this was going to be a jury trial." Counsel also averred that the additional costs of a jury trial would be too burdensome for his clients, and that preparing jury instructions in a week and a half would be too burdensome for counsel's small, two attorney practice. Counsel had proceeded for five months on the assumption that the case would be tried to the court and not a jury.

In a July 3, 2012 minute order, the trial court found that defendant had delayed too long in seeking relief from waiver, and that to grant relief from the jury trial waiver under the circumstances would greatly prejudice the plaintiff, who prepared for and relied upon a court trial.

The trial court did not abuse its discretion when it denied relief from the jury trial waiver. First, defendant did not promptly seek relief. The right to a jury trial was waived in March, and defendant did nothing to seek relief from the waiver until plaintiff's counsel pointed out the waiver when counsel met to prepare joint FSC documents in June. Even then, defendant did not seek relief under Code of Civil Procedure section 631. Only at the trial court's invitation did defendant seek any sort of relief from its waiver. And then, only a weak showing was made. The asserted cause of the waiver was counsel's distraction (in mid-June, less than a month before trial) following the trial court's ruling on defendant's summary adjudication motion. Plaintiff's counsel's small

13

firm had been preparing for a court trial, and even stipulated to dismissal of one or more defendants that counsel declared his client would have kept in the action if the case were to be tried to a jury.  Under these circumstances, there was no abuse of discretion.

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.


GRIMES, J.

We concur:

BIGELOW, P. J.


RUBIN, J.