[Civ. No. 11750. Second Appellate District, Division Two.—June 14, 1938.]

UNION OIL COMPANY OF CALIFORNIA (a Corporation), Respondent, v. FRANK H. E. HANE, Appellant.

Murray M. Chotiner, Albert Jack Chotiner and Russell E. Parsons for Appellant.

Paul M. Gregg, Jerry H. Powell, Andrews, Blanche & Kline and Douglas C. Gregg for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for the conversion of personal property defendant appeals.

The essential facts are:

November 19, 1936, plaintiff filed an action to recover damages from defendant for the alleged conversion of a large quantity of gasoline. November 30, 1936, defendant filed an answer to the complaint and on February 10, 1937, plaintiff filed with the clerk of the superior court a setting card. May 11, 1937, plaintiff served notice on defendant that the

above-entitled case had been set on the pre-trial calendar for hearing May 27, 1937. May 26, 1937, a demand for a jury trial was filed by the defendant and the sum of $24 as jury fees was deposited with the clerk of the superior court. May 27, 1937, when the case was called for hearing on the pre-trial calendar, defendant's attorney stated to the judge that a written demand for a jury trial had been filed with the clerk of the superior court on the preceding day (May 26, 1937), that plaintiff's attorney contended that the demand for a jury trial had been filed too late, and by reason thereof defendant had waived the right to a trial by jury. Defendant then requested a ruling from the judge on this point.

In response to this request the judge ruled that a trial by jury had been waived by failure of defendant to present his demand for a jury trial within the statutory period.

Thereafter the judge set the case for trial on June 22, 1937.

Defendant relies for reversal of the judgment on this proposition:

█ *A party does not waive the right to a trial by jury by failing to demand the same within five days after receiving notice that a case has been set for hearing on the pre-trial calendar of the superior court of Los Angeles County.*

This proposition is tenable. Article I, section 7, of the Constitution of the state of California reads in part as follows:

"The right of trial by jury shall be secured to all, and remain inviolate; . . . A trial by jury may be waived . . . in civil actions by the consent of the parties signified in such manner as may be prescribed by law."

Section 631 of the Code of Civil Procedure prescribes the manner by which in civil actions the parties may consent to waive the right to trial by jury, and so far as material here reads:

"Trial by jury may be waived by the several parties to an issue of fact in manner following:

. . . . . . . . . . . . . .

"4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after notice of setting if it be set without notice or stipulation; . . ."

It therefore becomes necessary to decide these questions:

First: Is ''pre-trial calendar'' synonymous with ''trial calendar'' as the latter phrase is used in section 631, Code of Civil Procedure?

Second: Did defendant fail to announce at the time the case was first set upon the trial calendar that a jury was required?

The first question must be answered in the negative. ''Pre'' means ''before, in front, in advance''. (VIII The Oxford English Dictionary (1933) 1234; Funk & Wagnalls Practical Standard Dictionary, (1938) 892.) Hence it is obvious that ''pre-trial calendar'' is not synonymous with ''trial calendar'', it being evident that the pre-trial calendar comes before the trial calendar.

Such certainly appears to have been the intention of Presiding Judge Bowron, who instituted the pre-trial calendar in the Superior Court of Los Angeles County, for in his circular to the members of the bar announcing the adoption of such a system, we find the following:

''The pre-trial hearing is an informal conference between attorneys for the parties and the judge. . . .

''Immediately after the filing of a memorandum for setting, a *tentative* date will be fixed which date will be as nearly as can be estimated approximately ten days prior to the *actual* date of trial. . . .

''Unless the case is continued, or otherwise disposed of by the court, at the conclusion of the pre-trial hearing the cause will be placed on an active *trial calendar* and the date of the trial will be set approximately ten days thereafter. . . .

''At the conclusion of the pre-trial hearing, cases at issue and ready for trial will be forthwith, and in the presence of counsel, set on an active trial list and the trial date fixed. This will be accomplished by continuance to a date certain and announcement by the court that the case will proceed to trial on that date. . . .

''The pre-trial calendar system is being tried as an experiment. . . .

''After the plan has been fairly tried, if it proves successful and acceptable to the bench and bar of this county, appropriate rules of the court will be drafted.'' (Italics added.)

It is evident that, as expressed in Judge Bowron's circular, it was an experiment and was something superimposed upon the procedure theretofore in effect and was not to take the place of the regular trial calendar. Therefore defendant did not waive the right to a trial by jury by failing to demand a jury within five days after receiving notice of the setting of the case on the pre-trial calendar.

The second question must also be answered in the negative. It is to be noted that subdivision 4 of section 631 of the Code of Civil Procedure simply requires that a party announce, i. e., ''give intelligence of, proclaim, or publish'', at the time the case is first set upon the trial calendar that a jury is required. We have held that on May 27, 1937 (the date of the pre-trial hearing), the case was first set upon the trial calendar for hearing June 22, 1937. The undisputed facts show that the day preceding the setting (May 26, 1937) defendant filed a written demand for a jury trial. At the time the case was first called upon the pre-trial calendar he called to the judge's attention the fact that a demand for a jury trial had been made and that plaintiff contended that a jury trial had been waived and defendant requested a ruling from the judge upon this point, which ruling sustained plaintiff's contention. We fail to see in what more appropriate manner defendant could have called the judge's attention to the fact that a jury trial was required. He certainly gave *intelligence of, proclaimed, and published* it. After seeking and obtaining the judge's ruling it would have been presumptuous, to say the least, of counsel to have insisted further upon a jury trial.

It is therefore evident that plaintiff did announce that a jury was required at the time the case was first set on the trial calendar.

A denial of the right to trial by jury to a party entitled thereto is a miscarriage of justice within the meaning of that phrase as used in section 4½, article VI, of the Constitution of the state of California, which error requires a reversal of the judgment of the trial court. (*People* v. *Hall*, 199 Cal. 451, 458 [249 Pac. 859] ; *Farrell* v. *City of Ontario*, 39 Cal. App. 351, 359 [178 Pac. 740].)

It is highly important at all times to preserve the constitutional guaranties of the citizens of this state, and it may be safely said that there has never been a period in our

state or national history when the necessity for courts' preserving inviolate and safeguarding to the fullest extent the constitutional guaranty of a right to a trial by jury in a proper case has been as urgent as at the present time.

This constitutional guaranty of trial by jury has been demonstrated through centuries of experience to be one of the most fundamental and cherished rights of a citizen of the United States of America and the strongest safeguard of the liberty of the citizen (be he high or low, rich or poor) against encroachments upon his freedom caused by firebrands, demagogues, or regnants exercising their influence over the people through democratic, bureaucratic, or republican forms of government.

For the foregoing reasons the judgment is reversed.

Crail, P. J., concurred.

Wood, J., concurred in the judgment.