[Civ. No. 45151. Second Dist., Div. Three. Sept. 25, 1975.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Plaintiff and Respondent, v. PAUL M. SAVIOR, Defendant and Appellant.

## COUNSEL

Fegen & Osser, Paul F. Fegen, A. Lee Blackman and Ronald T. Mulhall for Defendant and Appellant.

Gilbert, Kelly, Crowley & Jennett and John Keiser for Plaintiff and Respondent.

## OPINION

COLE (J. L.), J.*—Appellant Paul M. Savior was involved in an accident with a car driven by Anne Pisano. She and her husband owned an insurance policy issued by respondent. The latter filed a complaint seeking declaratory relief that the car being driven by Mrs. Pisano was not covered by the policy. The Pisanos and appellant were named as defendants; the Pisanos' default was entered. Appellant answered asserting as affirmative defenses that respondent lacked standing to sue with its present attorney due to "conflict of interest" and that the action was barred by laches.

The trial court, apparently believing that there was no right to a jury trial because the action was in declaratory relief, granted the motion of respondent, made on that ground, to strike appellant's demand for a jury.

The matter was thereupon tried to the court. Respondent put on a witness who testified to facts indicating that the automobile in question was never insured under its policy until after the accident in question. Appellant's renewed motion to continue the matter until the Pisanos could be located was denied. Appellant put on no evidence, although given the opportunity to do so. The court found in favor of respondent, judgment was entered, and this appeal followed.

■ The sole issue raised is whether the court erred in depriving appellant of a jury trial. We hold that while in this class of case a jury trial is a matter of right, no circumstances appear here to justify a reversal. Accordingly, we affirm.

■ The question of the right to a jury trial depends on whether the action is one of those as to which there was a common law right to a jury in 1850. (*People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 286-287 [231 P.2d 832].)

---

*Assigned by the Chairman of the Judicial Council.

The mere fact that an action is one seeking declaratory relief, characterized generally in many decisions as being "equitable," does not answer the question of the right to a jury trial; the proper inquiry is the sometimes difficult one whether the *issues* are legal or equitable in nature. (*State Farm, etc. Ins. Co.* v. *Superior Court* (1956) 47 Cal.2d 428, 431-432 [304 P.2d 13]; *Dills* v. *Delira Corp.* (1956) 145 Cal.App.2d 124, 128-130 [302 P.2d 397].)

Nor does it make a difference that the declaratory relief statute was enacted after 1850; if there was a right to a jury for cases of this class, before our first Constitution was adopted, so is there such a right now. (*People* v. *One 1941 Chevrolet Coupe, supra,* 37 Cal.2d at p. 300.)

█ It is clear that an action by an insurance company against its putative insured, seeking a declaration that no coverage exists, is one in which a jury trial is a matter of right, since the declaratory relief action has been substituted for an action at law for breach of contract. (*Allstate Ins. Co.* v. *Normandie Club* (1963) 221 Cal.App.2d 103, 105-106 [34 Cal.Rptr. 280]; *Patterson* v. *Insurance Co. of North America* (1970) 6 Cal.App.3d 310, 315-316 [85 Cal.Rptr. 665].) Thus, as against the Pisanos, a jury was required, on demand, although their default made it unnecessary as to them.

Appellant is in exactly the same position. If he had waited until he secured a judgment in his personal injury suit against the Pisanos and then had instituted an action against their insurer under the direct action statute (Ins. Code, § 11580) his suit would have been one for damages on the insurance contract, in his capacity as a third party beneficiary of that contract. (*Johnson* v. *Holmes Tuttle Lincoln-Merc.* (1958) 160 Cal.App.2d 290, 296-298 [325 P.2d 193].) Actions seeking contractual damages are obviously within that class of case as to which a jury trial is a matter of right. (4 Witkin, Cal. Procedure (2d ed.) p. 2910.) The fact that the respondent chose here to anticipate such litigation by suing appellant in declaratory relief, does not make this any less of an action where legal issues are to be tried. (*Allstate Ins. Co.* v. *Normandie Club, supra,* 221 Cal.App.2d at p. 106.) Therefore, in the abstract, appellant was entitled to a jury trial, having made proper demand therefor.

Respondent urges that if the trial court committed error in denying a jury to appellant, it was not prejudicial error. (Cal. Const., art. VI, § 13.) Approached just in this fashion, that proposition may not be tenable since it has been held or stated that denial of the right to a jury trial is, in

itself, a miscarriage of justice. (*Union Oil Co. of California* v. *Hane* (1938) 27 Cal.App.2d 106, 110 [80 P.2d 516]; *Farrell* v. *City of Ontario* (1919) 39 Cal.App. 351, 359 [178 P. 740]; see *Turlock Golf etc. Club* v. *Superior Court* (1966) 240 Cal.App.2d 693, 695 [50 Cal.Rptr. 70]; *Hernandez* v. *Wilson* (1961) 193 Cal.App.2d 615, 619 [14 Cal.Rptr. 585]; *Cowlin* v. *Pringle* (1941) 46 Cal.App.2d 472, 476-477 [116 P.2d 109]; but compare *Phelps* v. *Pacific Gas & Elec. Co.* (1952) 112 Cal.App.2d 558, 565 [246 P.2d 997], " . . . [W]e find no merit in the contention that the court committed prejudicial error in not allowing [appellant] to proceed before a jury.")

We need not decide whether the prejudicial error doctrine is available here because in our view, and with the benefit of the hindsight of having the trial record before us, it is apparent that there were no real issues to present to the jury. The trial court perhaps anticipated this. It asked counsel what issues in the case raised questions for the jury. Counsel's reply was "Those issues raised as a defense, as well as all denials to the complaint." But, as noted, although afforded an opportunity to do so, appellant never attempted to support his defense with any testimony. And, in any event, at least one of the issues pleaded by him (laches) was of an equitable nature as to which he was not entitled to a jury.

As to the issues raised by the unverified denial to the complaint, there was simply no defense testimony presented. If a jury had been present a motion for directed verdict would have been granted, if made. The one witness who was called testified without dispute to facts showing that the automobile in question simply had not been covered by the policy. In *Southern Cal. Tel. Co.* v. *Carpenter* (1946) 75 Cal.App.2d 336, 343 [171 P.2d 142], a contention was made that the granting of a plaintiff's motion for a directed verdict deprived a defendant of his constitutional right to a jury trial. This court held that the contention could not be sustained. That is the situation here. Under the circumstances, appellant has no cause to complain that the case was tried without a jury.

The judgment is affirmed.

Allport, Acting P. J., and Potter, J., concurred.