Filed 9/27/22 The Palm Grove v. Pirozzi CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PALM GROVE, LLC, et al., | 2d Civil No. B313186 |
| Plaintiffs and Respondents, | (Super. Ct. No. 20CV02870) (Santa Barbara County) |
| v. | |
| ADAM PIROZZI et al., | |
| Defendants and Appellants. | |

This case is the second round of litigation between former business partners Adam Pirozzi and Dennis Hoey.[1] The first round resulted in a settlement in which Pirozzi agreed to buy Hoey's interest in certain business assets, including a ten-acre golf course and onsite clubhouse. A second round of litigation

---

[1] Appellants are Pirozzi and two of his co-defendants: Quicklink Asset Services, LLC and Five Deep Entertainment, Inc. A third co-defendant, Central Holding Group LLC, is not a party to this appeal. Respondents are Hoey and his two co-plaintiffs: The Palm Grove, LLC and Vantage Group Investments, LLC.

began when the buyout failed. The court found Pirozzi breached the prior settlement agreement and ordered the assets sold to a third party on the open market. Pirozzi appeals several components of the judgment, including the court's decision to allocate the first $4.7 million in sales proceeds to Hoey.

We affirm the judgment in full.

FACTUAL AND PROCEDURAL BACKGROUND

Hoey and Pirozzi formed a partnership to purchase Santa Barbara's Hidden Oaks Golf Course in 2015. Hoey provided most of the capital for the acquisition and took title to the course and onsite clubhouse. Pirozzi received a 25-year lease to operate and manage the facility. They agreed Pirozzi would make monthly lease payments to Hoey equaling 50 percent of fixed costs (including mortgage/debt financing, insurance, and taxes) plus 50 percent of all revenues generated.

Pirozzi fell behind on his lease payments. Hoey filed companion actions to dissolve the partnership and to evict Pirozzi.[2] They reached a compromise before trial: Pirozzi would have 60 days to purchase Hidden Oaks for $4.4 million. This figure would reimburse Hoey for capital contributions, past due rent, and other expenses. They signed a settlement agreement and memorandum of understanding (settlement) to this effect. Hoey would receive the first $4.4 million in proceeds then split any profits with Pirozzi. They agreed to sell the property on the open market if Pirozzi was "unable" or "unwilling" to close the buyout after a 60-day escrow period.

_____

[2] Santa Barbara Superior Court case nos. 19CV03509 (action to dissolve partnership, etc.) and 19CV03511 (unlawful detainer). We grant Pirozzi's August 25 2022 request for judicial notice of the dismissals and registers of action in these cases.

The buyout failed when escrow expired without closing. Hoey filed this declaratory relief action when Pirozzi refused to place Hidden Oaks on the market. He sought a judgment declaring Pirozzi in breach of the settlement and ordering the property sold as they had agreed. He also requested the court dissolve their partnership and terminate Pirozzi's 25-year lease. Pirozzi cross-complained for breach of contract and sought both specific performance and damages.[3]

The court conducted a four-day bench trial. The parties gave conflicting accounts about why the buyout failed. Pirozzi blamed Hoey for wrongly insisting he pay certain property taxes and insurance premiums. Hoey said this was a pretext to hide Pirozzi's inability to obtain financing. Edward St. George, a former business partner of Pirozzi, testified how Pirozzi falsely represented himself as an owner of Hidden Oaks in 2018. They formed a jointly owned LLC capitalized by Pirozzi's purported equity interest in the facility and St. George's interest in a 10-unit rental property of equal market value. They agreed to evenly split their combined revenues. However, St. George received no revenue from Hidden Oaks and later discovered Pirozzi only leased the facility from Hoey. St. George also learned Pirozzi had used their LLC as the purchasing entity in the failed buyout so it would appear he owned the assets needed to fund the deal.

The court found Pirozzi breached the settlement by failing "to timely fund and close" the buyout, among other reasons. It terminated the partnership agreement as well as Pirozzi's 25-year lease. The court ordered Hoey to retain a broker to sell

---

[3] Pirozzi dismissed the cross-complaint before trial. It is not at issue on appeal.

Hidden Oaks and authorized Hoey "to evaluate all offers on the Parcels, determine the buyer and the final sales price, and execute all documents to effectuate the sale" to a third party. Hoey would then receive the first $4,723,859 from the sale and split any excess proceeds with Pirozzi. The court reserved jurisdiction to modify the figure when escrow closed.[4] Pirozzi appealed the decision.

## DISCUSSION

### A. Pirozzi's Right to a Jury Trial

Pirozzi describes Hoey's complaint for declaratory relief as a disguised breach of contract claim. He contends the trial court deprived him of a jury trial. (See, e.g., *Entin v. Superior Court* (2012) 208 Cal.App.4th 770, 782-783 [party may not use declaratory relief to circumvent the other party's right to a jury trial on breach of contract claim].) The right to a jury is a question of law we resolve de novo. (*Id.* at p. 776.)

The thrust of Hoey's declaratory relief action was specific performance of the settlement agreement. His complaint sought an order placing Hidden Oaks on the market. This required the court to resolve factual disputes about why the parties did not complete the buyout. The court did not award Hoey damages when it found in his favor; rather, it prioritized the allocation of sale proceeds in the event a third-party purchased the property

---

[4] Hidden Oaks subsequently sold to a third party. The court's distribution of proceeds from the sale is the subject of a second appeal filed by Pirozzi. (*The Palm Grove, LLC v. Pirozzi* (B320449, app. pending).) We denied Pirozzi's motion to consolidate the appeals and the companion motion to augment the record in our orders dated June 17, 2022. We also deny Hoey's July 14, 2022 motion to dismiss the appeal as it relates to the sale and partnership dissolution. We instead affirm the trial court's judgment on these issues, as discussed below.

4

from him.  Pirozzi had no right to a jury trial in this equitable proceeding.  (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1240 ["A claim for specific performance is an equitable one"].)

*B. Distribution of Sale Proceeds*

Pirozzi contends the $4,723,859 in damages awarded to Hoey exceeded the remedies provided in the settlement agreement.  We disagree for two reasons.  First, as discussed above, we do not characterize the court's allocating of sales proceeds as awarding Hoey damages.  He receives the money only if a third party buys Hidden Oaks and, further, receives the full amount only if the sale price meets or exceeds this figure.  Second, the settlement agreement contemplated that "[t]otal debt and operating expenditures [were] subject to change based upon actual expenses paid by [Hoey] up to and including the date to close escrow."  The approximate $300,000 difference between the buyout price ($4,422.232) and Hoey's priority allocation ($4,723,859) consisted of expenses incurred during the period between the settlement's signing in August of 2020 and the court's final statement of decision in June of 2021.  To the extent Pirozzi challenges the validity or character of the expenses, we affirm the statement of decision's figures as supported by Hoey's testimony and related exhibits.[5]  (See *Doe v. Regents of University of California* (2016) 5 Cal.App.5th 1055, 1074 ["the testimony of a single witness, even that of a party, is sufficient to provide substantial evidence to support a finding of fact"].)

---

[5] This included, among other exhibits, Hoey's accounting of Hidden Oaks' final purchase price.

5

*C. Pirozzi's Capital Expenditures*
*and Interest Earned on Partnership Contributions*

Pirozzi contends the court erred when it declined to reimburse him for two items: (1) capital expenditures he made while operating Hidden Oaks; and (2) interest he earned on a $290,000 promissory note he contributed to the partnership.[6] These items were the subject of conflicting testimony at trial. Hoey stated Pirozzi did not verify his capital expenditures properly. The promissory note interest, Hoey explained, was an operating cost of the partnership and thus not subject to reimbursement. This testimony provided substantial evidence for the court's rulings on these issues. We again conclude no abuse of discretion occurred.

*D. Termination of Lease and Dissolution of Partnership*

Pirozzi argues the trial court exceeded its authority by terminating his Hidden Oaks lease and dissolving the parties' partnership. This is not so. The settlement agreement provided for the property to be "sold to a third party without any further required acceptance or signature" by Pirozzi if he breached the agreement's terms. Dismantling the lease and partnership served this purpose by ensuring Pirozzi could not obstruct a third-party sale. (*Bisno v. Sax* (1959) 175 Cal.App.2d 714, 729 ["Equity having taken jurisdiction over a cause does complete justice, even to the extent of exceeding the specific prayers of the complaint when necessary"].)

*E. Denial of Trial Continuance Request*

Pirozzi contends the trial court deprived him of due process when it denied his ex parte request to continue trial because of a

---

[6] The parties refer to this as the "Five Deep Entertainment" note.

6

purported conflict of interest between Pirozzi and co-defendant Central Holding Group LLC. The conflict, he claims, prompted his counsel to forego cross-examining St. George during Hoey's case-in-chief. This allowed St. George's adverse testimony about his dealing with Pirozzi to go unchallenged.

"The decision to grant or deny a continuance is committed to the sound discretion of the trial court." (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984.) "A reviewing court may not disturb the exercise of discretion by a trial court in the absence of a clear abuse thereof appearing in the record." (*Ibid.*) No abuse occurred here. Pirozzi sought the continuance only six days before trial. His moving papers failed to specify the nature of the conflict and counsel's comments at the ex parte hearing added little else to show good cause. (Cal. Rules of Court, rule 3.1332(c) ["The court may grant a continuance only on an affirmative showing of good cause requiring the continuance"].) Pirozzi attested in his motion for new trial that counsel "did not let me explain or rebut Mr. St. George's allegations." However, he stopped short of explaining *how* doing so would have altered the court's decision. (*Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 814 [appellant must demonstrate prejudice from the trial court's denial of a request to continue trial].)

### F. Code of Civil Procedure Section 664.6

The settlement provided for the trial court to retain jurisdiction to enforce its terms pursuant to Code of Civil Procedure section 664.6. Hoey elected to seek declaratory relief and specific performance rather than move for judgment in the unlawful detainer and dissolution cases under section 664.6.[7]

---

[7] Section 664.6, subdivision (a) provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for

This was an appropriate means to enforce the settlement. (See *Nicholson v. Barab* (1991) 233 Cal.App.3d 1671, 1681 [parties to settlement agreement may enforce it "by motion for summary judgment, by a separate suit in equity or by amendment of the pleadings to raise the settlement as an affirmative defense"].) This appeal requires no further analysis of section 664.6.[8]

CONCLUSION

Judgment is affirmed. Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.[*]

We concur:


GILBERT, P. J.          YEGAN, J.

---

settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

[8] This court requested supplemental briefing at oral argument addressing whether section 664.6 applies to this case and, if so, whether the stature entitled Pirozzi to a jury trial. We received and considered the parties' supplemental briefs.

[*] Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Thomas P. Anderle, Judge
Superior Court County of Santa Barbara

_____

Kirker Wright Law Group, Vanessa Kirker Wright, for Plaintiff and Respondent Dennis Hoey.

Slaughter Reagan & Cole, James B. Cole and Gabriele M. Lashley; Berg Law Group, Eric Berg, for Plaintiffs and Respondents, the Palm Grove, LLC and Vantage Group Investments, LLC.

Ozbirn Law, Jasper Ozbirn, for Defendants and Appellants.